

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. 0-3650
Re: The liability of a county
judge under Sections 7 and
8 of House Bill No. 20 of
the Forty-seventh Legisla-
ture, known as the Drivers'
License Law.

We are pleased to reply to your letter of recent date which reads as follows:

"I am enclosing herewith copy of my opinion to Hon. M. O. Goodpasture, County Judge, in connection with certain sections of the Drivers License Law.

"I would thank you to consider this matter and advise me if I have correctly advised Judge Goodpasture."

We shall also quote the excellent opinion which you rendered to your county judge:

"You have requested my opinion as to any possibility of your liability in signing applications for drivers licenses under Sections 4, 7 and 8 of H. B. No. 20, 47th Legislature, which is commonly known as the Drivers License Law.

"Under Section 4 it is your duty to investigate the necessity for the issuance of a license to any minor over 14 and under 16 years of age.

This duty is simply an administrative one, and I think if you find such a minor should have a license, and he should later negligently cause an accident there would be no liability upon your part.

"Under Section 7, in event the minor under 18 years of age has no parent or guardian, the application for a license must be signed by the employer or county judge.

"Under Section 8 it is provided that anyone signing a minor's application for a license may have the license cancelled, and in which event such person will be relieved of any subsequent negligence or misconduct of the minor in operating a motor vehicle.

"I am frank to say that if it was the intention of the legislature to make the county judge liable for the acts of the minor for whom he has signed an application for a drivers license, that a very radical departure in the law has been made. Yet Section 8 is meaningless unless this construction is given to the law.

"There is a line of decisions in this State holding that one who entrusts the operation of a motor vehicle to a person whom he knows to be reckless, etc., and such person has an accident, that the person furnishing such vehicle will be liable. This, not because of the negligent operation of the vehicle, but because of the negligence in furnishing a vehicle to a person whom he knows to be reckless.

"Upon the foregoing theory it is possible that if you signed an application for a minor whom you knew to be reckless, etc. you might be liable for his negligent operation of a motor vehicle.

"On the other hand I cannot see how you or even a parent for that matter, absent a factual

situation invoking the doctrine of respondeat superior, would be liable for a minor's operation of a motor vehicle simply because you signed his application for a drivers license. But I must reiterate that Section 8 is meaningless unless this construction is given."

Section 7 of House Bill 20 of the Forty-seventh Legislature reads as follows:

"Sec. 7.  Application of minors.

"The Department shall not grant the application of any minor under the age of eighteen (18) years for an operator's, commercial operator's, or chauffeur's license unless such application is signed by the father of the applicant, if the father is living and has the custody of the applicant, otherwise by the mother or guardian having the custody of such minor, or in the event a minor under the age of eighteen (18) years has no father, mother, or guardian, the license shall not be issued to the minor unless his application therefor is signed by his employer or by the county judge of his residence."  (Emphasis ours)

Following which Section 8 reads:

"Sec. 8.  Release from liability.

"Any person who has signed the application of a minor for a license may thereafter file with the Department a request that the license of said minor so granted be cancelled, which request shall be in writing and acknowledged before some officer authorized to administer oaths. Thereupon the Department shall cancel the license of said minor and the person who signed the application of such minor shall be relieved from any liability by reason of having signed such application on account of any subsequent negligence or wilful misconduct of such minor in operating a motor vehicle."  (Emphasis ours)

It is to be observed that House Bill 20, neither in Section 7 or 8 thereof, nor elsewhere, expressly provides that the person signing an application shall be liable in damages by reason of having signed the application of a minor pursuant to the requirements of Section 7. We do not believe that such arises by necessary implication from the negative recitations in Section 8. There is no intimation or suggestion in the title to House Bill 20 of any such purpose, which, as you point out, would represent a "departure in the law."

A negation in a statute will not support the positive thereof when the latter, if it would exist only by virtue of the statute, is non-existent in the statute.

In our opinion the only construction which may be given the language of Section 8 "the person who signed the application of such minor shall be relieved from any liability by reason of having signed such application on account of any subsequent negligence or wilful misconduct of such minor in operating a motor vehicle" is, assuming liability would arise under the peculiar circumstances of the signing of a particular application, that such liability ceases, relating to subsequent acts of the minor, upon the act of securing a cancellation of the license theretofore issued.

The matter of any liability by reason of having signed an application, prior to the cancellation thereof, is a matter of substantive law, unaffected by House Bill 20 inasmuch as the Act does not contain provisions relating thereto. The only force of Section 8 is that the county judge can absolve himself of any future liability by the act of effecting a cancellation of the license which he had signed in the manner provided for in Section 8.

We trust that the foregoing satisfactorily answers your inquiry.

APPROVED JUN 20, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ZCS:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB